[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE AND/OR MOTION TO DISMISS (# 108)
Facts
The plaintiff, Herman Lewis, filed a two count amended complaint (complaint) on August 24, 1999. The first count alleges that the defendant, Bourdon Forge Company, Inc., violated General Statutes § 31-290a by discriminating against the plaintiff because he filed a workers' compensation claim.[1] The second count alleges that the defendant, EBI Companies/Orion Capital (the defendant), mishandled, mismanaged and administered the plaintiffs workers' compensation claim so as to intentionally deprive him of benefits to which he is entitled.
The defendant filed a motion to strike and/or a motion to dismiss (motion to strike) count two of the plaintiffs complaint on the following grounds: "(1) [A]n employee's action in tort against his employer's workers' compensation carrier for its intentional mishandling of the employee's claim is barred by General Statutes § 31-284 (a), the exclusivity provision of the Workers' Compensation Act . . ."; (2) "the complaint fails to allege that the plaintiff has exhausted all administrative remedies under the [Workers' Compensation Act] . . ."; and (3) "the complaint fails to allege or establish the plaintiffs right to receive workers' compensation benefits."[2] As required by Practice Book § 10-42, the defendant filed a memorandum of law in support of its motion to strike. On November 1, 1999, the plaintiff filed a memorandum in opposition.
Standard
"The purpose of a motion to strike is to contest. . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. Sea Shell Associates, CT Page 2578244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted'.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
Discussion
The court will first consider the defendant's argument that the second count of the complaint is legally insufficient because it falls to allege that the plaintiff has a right to receive workers' compensation benefits. The second count of the complaint states, in relevant part, that "a workers' compensation claim was made on Plaintiff's behalf and that claim remains open. . . . The Defendant . . . is . . . the workers' compensation insurance carrier for . . . Bourdon Forge Co., Inc. . . . [It] intentionally and in bad faith mishandled, mismanaged and administered the workers' compensation claims of the Plaintiff so as to intentionally deprive him of benefits to which he is entitled under the law. . . . The Defendant . . . intentionally withheld and failed to pay benefits to Plaintiff in a timely manner, intentionally and deliberately delayed investigating and monitoring Plaintiff's claim and otherwise failed and refused to secure to Plaintiff rights and payments to which he was entitled."
In order to state a legally sufficient cause of action against a workers' compensation carrier for the mismanagement of a claim, a plaintiff must allege or establish "that he is entitled to receive workers' compensation benefits, either pursuant to an award by the workers' compensation commissioner or otherwise."Rotz v. Middlesex Mutual, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (December 16, 1993,Ballen, J.). It is unclear from the allegations of the second count of the complaint whether the plaintiff has actually been awarded benefits by the workers' compensation commissioner or is otherwise entitled to receive workers' compensation benefits as set forth in Rotz. Accordingly, because the second count of the complaint fails to sufficiently establish the plaintiffs right to receive workers' compensation benefits, the defendant's motion to strike is granted. CT Page 2579
Although the court grants the defendant's motion to strike on this ground, in the event that the plaintiff seeks to replead, the court will discuss the remaining grounds raised by the defendant in support of its motion to strike. The defendant additionally argues that the second count of the complaint fails to state a legally sufficient cause of action because the exclusivity provision of the Workers' Compensation Act bars an employee's action against his employer's workers' compensation carrier for damages arising out of the carrier's intentional misconduct in handling a claim. The defendant further argues that the second count of the complaint should be stricken because the plaintiff has failed to exhaust his administrative remedies under the Workers' Compensation Act.
There is a split of authority among the judges of the Connecticut Superior Court as to whether the exclusivity provision of the Workers' Compensation Act precludes such an action. See Orr v. Hartford Accident Indemnity, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 482838 (July 12, 1999, Robinson, J.). This court finds that the better reasoned approach lies within the majority of Superior Court decisions which hold that the exclusivity provision of the Workers' Compensation Act does not preclude an action against a workers' compensation carrier for the intentional mismanagement of a workers' compensation claim. See id. and cases cited therein. This court further finds that a plaintiff need not exhaust his administrative remedies under the Workers' Compensation Act in order to pursue a claim against a workers' compensation carrier for intentional misconduct. See id.
Conclusion
For the reasons herein stated, the defendant's motion to strike is granted.
It is so ordered.
By the Court,
Gordon, J.